15-2522-cv
L.K. v. Sewanhaka Central High School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT:   JOHN M. WALKER, JR.,
                      REENA RAGGI,
                      PETER W. HALL,
                                        *Circuit Judges*.

-----------------------------------------------------------------------

L.K., individually and on behalf of minors N.S. and S.S.,
                              *Plaintiff-Appellant*,

                 v.                                                    No. 15-2522-cv

SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT, SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION, MICHELE SANZONE, STEPHEN RUSSO, MELISSA ARGAMAN, CARYL ORIS, REGINA ARGUSA, WARREN MEIERDIERCKS, individually and in their official capacity,
                              *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:              Steven A. Morelli, Law Office of Steven A. Morelli, P.C., Garden City, New York.

FOR APPELLEES:              Mark A. Radi, Sokoloff Stern LLP, Carle Place, New York.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 27, 2015, is AFFIRMED.

Plaintiffs L.K. and her daughters, N.S. and S.S., appeal from the dismissal of their complaint, charging defendants with disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. §§ 1983, 1985–1986. On appeal, plaintiffs argue that the district court erred in dismissing (1) their ADA, Section 504, and Equal Protection claims for (a) lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), based on the failure to exhaust administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.; and (b) untimeliness, having been filed outside the three-year statute of limitations; (2) plaintiffs' Equal Protection claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and (3) their §§ 1985 and 1986 claims as barred by the intracorporate conspiracy doctrine. We review de novo the dismissal of a complaint pursuant to Rules 12(b)(1) and 12(b)(6). See Tsirelman v. Daines, 794 F.3d 310, 313 (2d Cir. 2015). We assume the parties' familiarity with the facts and procedural history of this case, which we reference only as necessary to explain our decision to affirm.

1.    Subject-Matter Jurisdiction: Failure To Exhaust

Although plaintiffs do not plead an IDEA violation, it is well settled that plaintiffs must exhaust administrative remedies under the IDEA "whenever they assert claims for

2

relief <u>available</u> under the IDEA, regardless of the statutory basis of their complaint," and that the failure to do so deprives the court of subject-matter jurisdiction. <u>Cave v. E. Meadow Union Free Sch. Dist.</u>, 514 F.3d 240, 245–46 (2d Cir. 2008) (emphasis in original); <u>see</u> 20 U.S.C. § 1415(l) (requiring IDEA exhaustion before filing claims under other federal statutes to extent relief sought "is also available under" IDEA); <u>Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.</u>, 288 F.3d 478, 488 (2d Cir. 2002) (applying IDEA exhaustion requirement to ADA, Section 504, and Equal Protection claims). Thus, if the "theory" behind a claim relates to the "education of disabled children," IDEA exhaustion is required unless plaintiffs demonstrate that their failure to exhaust should be excused. <u>Polera v. Bd. of Educ. of Newburgh Enlarged City Sch. Dist.</u>, 288 F.3d at 481, 487–88.

Here, plaintiffs do not dispute that they did not exhaust administrative remedies. Rather, they contend that this failure does not bar their ADA, Section 504, and Equal Protection claims because (1) the theory of their grievance goes "beyond a simple dispute over the appropriate elements of" an individualized education program ("IEP") and, therefore, IDEA exhaustion is not required, Appellant's Br. 33; and (2) even if the IDEA's exhaustion requirement applies, their failure should be excused. We are not persuaded.

The theory behind plaintiffs' grievance is that N.S.'s and S.S.'s "medical diagnoses have been used as the excuse to deny them the opportunity to receive an appropriate education since 2009." Compl. ¶ 153. Specifically, plaintiffs allege that after both children were diagnosed with chronic fatigue syndrome in 2009, defendants

3

improperly denied their request for within-home schooling. See id. ¶¶ 2, 4, 11. Plaintiffs further allege that, although defendants granted that request in 2011, defendants' delay in doing so had by then caused N.S. and S.S. to lose two years of schooling, and defendants have failed to provide a way for N.S. and S.S. to graduate from high school before they turn 21 years old, at which point the school district will no longer be required to provide instruction. See id. ¶¶ 11, 137–48.

The IDEA provides relief for the type of grievance plaintiffs here allege. The IDEA "applies broadly to students who need special education," including those who need "instruction conducted . . . in the home" because they suffer from health impairments resulting in "limited strength, vitality or alertness." Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 150 (2d Cir. 2002) (internal quotation marks omitted) (concluding that plaintiff who suffered from chronic fatigue syndrome and fibromyalgia adequately stated IDEA claim based on failure to provide home instruction). Further, under the IDEA, "[p]arents are specifically entitled to request a due process hearing in order to present complaints as 'to any . . . placement of the child, or the provision of free appropriate public education.'" Cave v. E. Meadow Union Free Sch. Dist., 514 F.3d at 245 (quoting 20 U.S.C. § 1415(b)(6)(A)). Indeed, here, "[t]he administrative process would have been particularly valuable" in resolving plaintiffs' complaint that even when they did receive IEPs for homebound instruction, the IEPs failed to provide guidance as to how the curriculum could be modified to allow N.S. and S.S. to graduate before age 21. Polera v. Bd. of Educ. of Newburgh Enlarged Sch. Dist., 288 F.3d at 487 (explaining that "administrative system is uniquely well suited to review the content and

4

implementation of IEPs"). Accordingly, the district court did not err in concluding that plaintiffs' ADA, Section 504, and Equal Protection claims are subject to the IDEA's exhaustion requirement.

Nor have plaintiffs demonstrated that their failure to exhaust should be excused. Insofar as plaintiffs argue that defendants misled L.K. as to her procedural remedies, see Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d at 149 (excusing plaintiffs' failure to exhaust because defendants failed to notify plaintiffs of their procedural rights under IDEA), the record belies that contention, showing that L.K. (1) received a Section 504 procedural safeguards notice in 2009 that discussed L.K.'s right to request "an impartial due-process hearing" under both Section 504 and the IDEA, App'x 258; and (2) signed a consent form in 2010 indicating, among other things, that she had "received a copy of the Procedural Safeguards Notice that is required by" the IDEA, id. at 264. See Cortland St. Recovery Corp. v. Hellas Telecomms., S.a.r.l., 790 F.3d 411, 417 (2d Cir. 2015) (explaining that court properly relies on evidence outside complaint in deciding Rule 12(b)(1) motion).

Accordingly, the district court correctly dismissed the ADA, Section 504, and Equal Protection claims for lack of subject-matter jurisdiction.[1]

2.     Section 1985 and 1986 Claims

Plaintiffs allege that defendants "conspired against Plaintiffs through an express understanding or tacit agreement to deprive . . . N.S. and S.S." of their rights under the

---

[1] Because we affirm on this ground, we need not consider the district court's alternative conclusions that the ADA, Section 504, and Equal Protection claims are time-barred, and that plaintiffs failed to state an Equal Protection claim.

IDEA. Compl. ¶ 162. To state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must allege (1) a conspiracy, (2) for the purpose of depriving any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, and (3) an act in furtherance of the conspiracy, (4) whereby a person is injured in his person or property or deprived of a right or privilege of a citizen. See Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 791 (2d Cir. 2007). Further, a plaintiff must allege (5) that the conspiracy was motivated by some class-based animus. See id. Because plaintiffs' § 1986 claim is necessarily predicated on their § 1985(3) claim, see Brown v. City of Oneonta, 221 F.3d 329, 341 (2d Cir. 2000), we evaluate these claims together.

Plaintiffs argue that the district court erred in concluding that they failed plausibly to plead conspiracy because all alleged members of the conspiracy are employees of the same school district whose actions were taken in their capacities as district employees. See Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978) (noting legal impossibility of pleading conspiracy by exclusive reference to actions of employees of a single corporation). We need not here decide that issue because plaintiffs have in any event failed to plead facts supporting their conclusory assertion that defendants had an "express understanding or tacit agreement." Compl. ¶¶ 7, 162; see Gallop v. Cheney, 642 F.3d 364, 369 (2d Cir. 2011) (explaining that "claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss" (internal quotation marks omitted)); see also Scott v. Fischer, 616 F.3d 100, 105 (2d Cir. 2010) (stating that court

6

may affirm dismissal of complaint on any basis supported by record). Thus, the district court correctly dismissed plaintiffs' §§ 1985 and 1986 claims.

3.      First Amendment Claim

The district court also correctly dismissed L.K.'s First Amendment retaliation claim. To the extent this claim is founded on the complaint's allegations that defendants retaliated against L.K. by reporting her to Child Protective Services, the claim is barred by the applicable three-year statute of limitations, see, e.g., Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999), because there is no allegation that any such report was filed after N.S. and S.S. were removed from the school district in April 2011, which is more than three years before the complaint was filed on September 30, 2014. Insofar as the First Amendment claim is based on defendants' alleged retaliation in denying educational services to N.S. and S.S., the claim was subject to the IDEA's administrative exhaustion requirements discussed above. The district court therefore properly dismissed this claim.

4.      Conclusion

We have considered plaintiffs' remaining arguments and conclude that they are without merit. Accordingly, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7